IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIEGO MIGUEL RODRIGUEZ,

    Plaintiff,

v.                                                                                           Civ. No. 20-681 RB/GBW

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before me pursuant to my Order to Show Cause (*doc. 27*). Therein, I directed Plaintiff to "show cause in writing not later than November 13, 2020 as to why [it] should not dismiss the case for failure to comply with court orders and failure to prosecute." *Doc. 27* at 2 (emphasis omitted). To date, Plaintiff has filed no such writing. As a result of Plaintiff's failure to respond, and for the reasons to follow, I RECOMMEND DISMISSING this case WITH PREJUDICE.

**I.  BACKGROUND**

On June 19, 2020, Plaintiff filed a civil complaint against Defendant in the Third Judicial District Court of Doña Ana County, New Mexico. *Doc. 1-2* at 1. In it, he alleges unspecified violations of the New Mexico Insurance code and raises claims of negligence, fraud, unfair business practices, breach of contract and covenants of good

faith and fair dealing, and depraved indifference to medical needs arising from a traffic accident in June 2016. *Id.*

On July 10, 2020, Defendant removed the complaint to this Court, *doc. 1*, and filed an answer in which it admits to Plaintiff's involvement in an automobile accident and denies all other allegations, *doc. 3*. Several days later, I issued an order setting a Rule 16 scheduling conference for September 3, 2020 and preliminary deadlines for the parties to meet and confer and cooperate in preparing and filing a Joint Status Report and Provisional Discovery Plan (hereinafter "JSR"). *Doc. 8*. I later rescheduled the scheduling conference to September 15, 2020. *Doc. 13*.

On July 24, 2020, Plaintiff filed a notice in which he requested the Court to grant him sixty (60) days to respond to Defendant's removal due to technical difficulties with his Pacer account. *Doc. 10*. Interpreting this notice as a motion for an extension of time to file a response, I denied it as moot. *Doc. 11* at 2 (hereinafter "July 27th Order"). I also counselled Plaintiff that "the federal removal statute does not require removing defendants to file a motion in state court" and that "it makes no provision for a response from the plaintiff." *Id.* at 1. I further advised Plaintiff that, if he believed that the case was improperly removed, he could file a motion to remand and that, if he desired an extension of time to file this motion, he should file an additional motion that clearly requests this relief. *Id.* at 2. On July 30, 2020, Plaintiff filed a motion for

permission to e-file and extension of time to respond to Defendant's "Motion for Removal." *Doc. 12* (hereinafter "July 30th Motion").

On August 7, 2020, Plaintiff appealed the Court's "denial" of the July 30th Motion, even though it was still pending. *Doc. 15.* Based on his appeal, Plaintiff appears to have misunderstood my July 27th Order, which he allegedly never received, as a denial of the July 30th Motion. *See id.* at 2. Upon receipt of Plaintiff's appeal, the Tenth Circuit interpreted it as a challenge to my July 27th Order, but found that it lacked jurisdiction over it since this Court had not yet entered an order addressing Plaintiff's motion for permission to e-file. *Doc. 19* at 1–2. Therefore, the Tenth Circuit issued an order asking Plaintiff to show cause as to the basis for its jurisdiction over his appeal and advising him that it would dismiss his appeal if he did not do so. *Id.* at 2. While this appeal was pending, I issued an order vacating the September 15, 2020 scheduling conference and its associated deadlines. *Doc. 18*.

On September 10, 2020, after this Court had regained jurisdiction over Plaintiff's case subsequent to the Tenth Circuit's dismissal of his appeal (*doc. 21*), I granted in part and denied in part the pending July 30th Motion. *Doc. 23*. I granted Plaintiff permission to e-file but denied as moot his request for an extension of time to respond to Defendant's "Motion for Removal" due to his timely filing of a motion to remand on August 7, 2020. *Id.* at 1 (citing *doc. 14*). I also issued a scheduling order, which required the parties to meet and confer by October 13, 2020 to formulate a provisional discovery

plan and to cooperate in preparing a JSR to be filed by Defendant on or before October 20, 2020. *Doc. 24.* at 1–2. The scheduling order also set a telephonic Rule 16 Scheduling Conference for November 3, 2020 and provided the parties with the telephone number to attend this conference. *Id.* at 2.

On October 20, 2020, Defendant filed the parties' JSR. *Doc. 26*. The JSR did not contain any information from Plaintiff, allegedly because, other than a brief phone call on October 12, 2020, Plaintiff had not cooperated with Defendant in formulating a provisional discovery plan. *Id.* at 1.

On November 3, 2020, Plaintiff failed to appear at the Rule 16 Scheduling Conference, prompting me to cancel it. *Doc. 27*. Two days later, I issued an Order to Show Cause in which I ordered "Plaintiff [to] show cause in writing not later than November 13, 2020 as to why the Court should not dismiss the case for failure to comply with court orders and failure to prosecute." *Id.* at 2. To date, Plaintiff has not filed a response to this order.

II. LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action *sua sponte* for failure to prosecute or to comply with an order of the Court. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). A dismissal pursuant to Rule 41(b) is with prejudice unless otherwise stated. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007) (citing Fed. R. Civ. P. 41(b)

4

and *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001)).  When considering whether dismissal with prejudice is appropriate, the Court must take into account the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Nasious*, 492 F.3d at 1162 (*quoting Olsen*, 333 F.3d at 1204).  These criteria, derived from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), are meant to serve as guidelines, not a "rigid test."  *Id.* at 921.

### III.   ANALYSIS

I find that all the *Ehrenhaus* factors favor dismissing Plaintiff's case with prejudice.  With respect to the first factor, Defendant would face significant prejudice if this matter were permitted to remain pending and stalled without a resolution in sight.  As to the second factor, dismissal would not interfere with the judicial process as it is currently stalled by Plaintiff failing to cooperate with Defendant in formulating a preliminary discovery plan, attend the Rule 16 Scheduling Conference, and file a reply to Defendant's response to his motion to remand.  Regarding the third factor, Plaintiff has caused the present delays and stalled the juridical process by failing to prosecute and comply with court orders and not providing the Court with any explanation or justification for his actions.  As for the fourth factor, I warned Plaintiff in my order to

5

show cause that the Court would dismiss his case for failure to prosecute and comply with court orders if his inaction continued. *Doc. 27* at 2. Finally, in regard to the fifth factor, there is no other, lesser sanction that will remediate Plaintiff's failure to prosecute this case and comply with court orders. For example, Plaintiff has failed to even respond to the Court's most recent order to show cause.

IV. **CONCLUSION**

For the foregoing reasons, I RECOMMEND that Plaintiff's Civil Complaint (*doc. 1-2*) be DISMISSED WITH PREJUDICE for failure to prosecute and respond to court orders.

Due to Plaintiff's alleged difficulties in receiving electronic copies of the Court's orders, *see doc. 15* at 2, IT IS ORDERED that Clerk of Court mail a copy of this filing to Plaintiff at P.O. Box 943, Las Cruces, NM 88004.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**