# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DIEGO MIGUEL RODRIGUEZ,

    Plaintiff,

v.                                        Civ. No. 20-681 RB/GBW

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD"). (Doc. 29.) Judge Wormuth entered his PFRD on November 23, 2020. Accounting for service of Plaintiff via mail, objections to the PFRD were due on December 10, 2020. *See* Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 72(b)(2). No party has filed an objection. Accordingly, the Court ADOPTS the PFRD in full and DISMISSES Plaintiff's Civil Complaint (Doc. 1-2).

## I. BACKGROUND

On June 19, 2020, Plaintiff filed a civil complaint against Defendant in the Third Judicial District Court of Doña Ana County, New Mexico. (Doc. 1-2 at 1.) Three weeks later, Defendant removed the complaint to this Court (Doc. 1) and filed an answer (Doc. 3).

On July 24, 2020, Plaintiff requested 60 days to respond to Defendant's removal due to technical difficulties with his Pacer account. (Doc. 10.) Interpreting this filing as a motion for an extension of time to file a response to removal, Judge Wormuth denied it as moot on July 27, 2020. (Doc. 11 at 2 (the "July 27th Order").) Judge Wormuth counselled Plaintiff that "the federal removal statute does not require removing defendants to file a motion in state court" and that "it

makes no provision for a response from the plaintiff." (*Id*. at 1.) He further advised Plaintiff that, if he believed the case was improperly removed, he could file a motion to remand and that, if he desired an extension of time to file this motion, he should file an additional motion that clearly requests this relief. (*Id*. at 2.) On July 30, 2020, Plaintiff filed a motion for permission to e-file and an extension of time to respond to Defendant's "Motion for Removal." (Doc. 12 (the "July 30th Motion").) On August 7, 2020, Plaintiff filed a motion to remand the case back to state court. (Doc. 14.)

That day, Plaintiff also appealed the "denial" of his pending July 30th Motion. (Doc. 15.) Based on his appeal, Plaintiff appears to have misunderstood the July 27th Order as a denial of the July 30th Motion. (*See id*. at 2.) Upon receipt of Plaintiff's appeal, the Tenth Circuit interpreted it as a challenge to the July 27th Order and found that it lacked the jurisdiction to hear it since this Court had not yet entered an order addressing Plaintiff's motion for permission to e-file. (Doc. 19 at 1–2.) Therefore, the Tenth Circuit issued an order asking Plaintiff to show cause as to the basis for its jurisdiction over his appeal and advised him that it would dismiss his appeal if he did not do so. (*Id.* at 2.) On September 9, 2020, the Tenth Circuit dismissed Plaintiff's appeal for lack of prosecution. (Doc. 21 at 2.)

The following day, Judge Wormuth granted in part and denied in part Plaintiff's July 30th Motion. (Doc. 23.) He granted Plaintiff permission to e-file but denied as moot his request for an extension of time to respond to Defendant's "Motion for Removal" since Plaintiff had timely filed a motion to remand on August 7, 2020. (*Id.* at 1 (citing Doc. 14).) He also issued a scheduling order, which required the parties to meet and confer by October 13, 2020, to formulate a provisional discovery plan and to cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR") to be filed by Defendant on or before October 20, 2020. (Doc. 24. at 1–

2.) The scheduling order also set a telephonic Rule 16 Scheduling Conference for November 3, 2020, and provided the parties with the telephone number to attend this conference. (*Id.* at 2.)

Plaintiff did not comply with the scheduling order. Other than a brief phone call on October 12, 2020, Plaintiff did not cooperate with Defendant in formulating a provisional discovery plan or preparing the parties' JSR. (Doc. 26 at 1.) On November 3, 2020, Plaintiff failed to appear at the Rule 16 Scheduling Conference, prompting the Magistrate Judge to cancel it. (Doc. 27.)

On November 5, 2020, Judge Wormuth issued an Order to Show Cause, ordering "Plaintiff [to] show cause in writing . . . as to why the Court should not dismiss the case for failure to comply with court orders and failure to prosecute." (*Id.* at 2.) Plaintiff did not respond to this order. (*See* Doc. 29 at 4.)

On November 23, 2020, Judge Wormuth issued a PFRD regarding Plaintiff's failure to respond to the Order to Show Cause. In it, he recommended that the Court dismiss Plaintiff's Civil Complaint with prejudice because each of the five factors of *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), favored doing so. (Doc. 29 at 5–6.) In support of this recommendation, he found the following: (i) "Defendant would face significant prejudice if this matter were permitted to remain pending and stalled without a resolution in sight," (*id.* at 50; (ii) "dismissal would not interfere with the judicial process as it is currently stalled by Plaintiff failing to cooperate with Defendant in formulating a preliminary discovery plan, attend the Rule 16 Scheduling Conference, and file a reply to Defendant's response to his motion to remand," (*id.*); (iii) "Plaintiff has caused the present delays and stalled the juridical process by failing to prosecute and comply with court orders and not providing the Court with any explanation or justification for his actions," (*id.*); (iv) he had "warned Plaintiff in [his] order to show cause that the Court would dismiss his case for failure to prosecute and comply with court orders if his inaction continued," (*id.* at 5–6 (citing Doc.

27 at 2)); and (v) "[T]here is no other, lesser sanction that will remediate Plaintiff's failure to prosecute this case and comply with court orders." (*Id.* at 6.)

## II. ANALYSIS

Failure to object to a PFRD waives the right to *de novo* review by the district court and appeal to the Tenth Circuit. *See Thomas v. Arn*, 474 U.S. 140, 149–150 (1985); *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). Nevertheless, the Court has reviewed the record and the Magistrate Judge's findings *de novo*. *See 2121 East 30th Street*, 73 F.3d at 1061. It concurs with all of the factual and legal conclusions recited therein.

## III. CONCLUSION

Plaintiff has failed to respond to court orders or otherwise prosecute this case. Each of the *Ehrenhaus* factors favors dismissing his complaint with prejudice. Accordingly, IT IS HEREBY ORDERED that the Magistrate Judge's PFRD is **ADOPTED** in full and Plaintiff's Civil Complaint is **DISMISSED WITH PREJUDICE**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE